IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


JOHNNY W. STELL,
     Plaintiff,

vs.                                   Case No. 3:10cv55/LAC/EMT

SGT. ANDERSON, et al.,
     Defendants.

_____/

## **ORDER**

     Plaintiff, a Florida inmate proceeding pro se and in forma pauperis, initiated this civil rights action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1).

     Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to one or more of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

     Plaintiff, an inmate of Century Correctional Institution (CCI), names three Defendants in this action: Sgt. Anderson, Officer Powell, and Captain Chance, all of whom are employed at CCI (Doc. 1 at 1, 2). Plaintiff alleges that on September 1, 2009, Sgt. Anderson ordered him to sit at the end of his bed during count (*id.* at 5). Plaintiff states his locker was at the end of his bed, and he informed Sgt. Anderson that he had a medical condition that prevented him from lifting it (*id.*). Plaintiff showed Sgt. Anderson his medical restriction pass, but Anderson responded that he did not care about Plaintiff's medical condition, and if Plaintiff did not move his locker he would be placed in confinement (*id.*). Plaintiff's cellmate moved Plaintiff's locker (*id.*). Plaintiff spoke to Captain Chance about the incident, and the Captain responded that he would speak to Sgt. Anderson (*id.*).

     One week later, Sgt. Anderson again conducted count in Plaintiff's dormitory and told Plaintiff to remove his locker from the end of his bed and sit down (*id.*). Plaintiff again informed

Anderson that he could not lift his locker and showed him the medical restriction pass (*id.*). Plaintiff also told Sgt. Anderson that Captain Chance "was aware of the situation" (*id.*). Sgt. Anderson stated he did not care about Plaintiff's medical condition, and he (Anderson) ran the dorm (*id.*). Plaintiff attempted to move his locker, but it fell to the floor and hit his "surgically repaired" leg and foot (*id.*). Plaintiff states he was eventually taken to the medical department and given crutches and an appointment with a doctor; however, Sgt. Anderson waited thirty minutes (when count cleared) to summon medical assistance (*id.* at 6). Plaintiff asserts that as a result of Sgt. Anderson's conduct, he suffered pain and injury, including possible permanent injury and disfigurement (*id.*).

Plaintiff claims that Sgt. Anderson's conduct violated his Eighth Amendment rights (*id.* at 7). He asserts that Officer Powell is liable for failing to intervene, since he observed both incidents and was aware of Plaintiff's medical restrictions (*id.* at 6). Plaintiff claims that Captain Chance is liable for failing to act, because he was aware of the first incident and said he would speak to Anderson, but the second incident occurred a week later (*id.*).

Plaintiff has failed to state a basis for liability as to Captain Chance. Plaintiff appears to allege a failure to stop claim under a theory of supervisory liability. A failure to stop claim under a theory of supervisory liability requires that the supervisor (1) have the ability to prevent or discontinue a known constitutional violation by exercising his or her authority over the subordinate who commits the constitutional violation, and (2) subsequently fails to exercise that authority to stop it. *See* Keating v. City of Miami, — F.3d ___ 2010 WL 703000, at *8 (11th Cir. Mar. 2, 2010) (citing Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (requiring only allegations of a "causal connection between actions of the supervising official and the alleged constitutional violation")). In the instant case, the fact that Sgt. Anderson repeated his conduct after Captain Chance told Plaintiff he would speak to Anderson to prevent it does not suggest that Captain Chance failed to speak to Anderson or otherwise exercise his authority to stop Anderson's conduct. Unless such facts exist and are alleged in an amended complaint, Plaintiff should drop Captain Chance as a Defendant.

If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims

related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not submit service copies of his complaint unless and until the court directs him to do so. Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not conduct any discovery without leave of court.

Accordingly, it is **ORDERED**:

1.      The clerk is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

2.      Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "**Amended Complaint**."

3.      Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

Case No.: 3:10cv55/LAC/EMT

**DONE AND ORDERED** this <u>12</u><sup>th</sup> day of April 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**